**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

REGGIE JACKSON RODRIGUEZ-
GONZALEZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-74054

Agency No. A098-653-984

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before: GOODWIN, WALLACE, and GRABER, Circuit Judges.

Reggie Jackson Rodriguez-Gonzalez, a native and citizen of Nicaragua,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

his appeal from an immigration judge's decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the agency's finding that Rodriguez-Gonzalez failed to establish that his political opinion, family membership, or any other protected ground was one central reason for the mistreatment he experienced in Nicaragua.  *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005) ("[T]he record provides no evidence that [the people petitioner feared] imputed political beliefs to [him]."), *abrogated on other grounds by Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution").  Further, substantial evidence supports the agency's determination that Rodriguez-Gonzalez did not demonstrate a well-founded fear of future persecution.  *See Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000) (finding no well-founded fear of persecution on account of a protected ground).  Accordingly, his asylum claim fails.

Because Rodriguez-Gonzalez failed to meet the lower burden of proof for asylum, his claim for withholding of removal necessarily fails.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

09-74054

Finally, substantial evidence supports the agency's denial of CAT relief because Rodriguez-Gonzalez failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Nicaragua. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). We otherwise reject Rodriguez-Gonzalez's CAT contention.

**PETITION FOR REVIEW DENIED.**